## In re Lower Chichester Township Auditor

*Donald Sparks*, for petitioner.

*Frank I. Ginsberg*, for township.

SWENEY, P. J., October 21, 1960.—Joseph L. Hooker was elected an auditor for the Township of Lower Chichester and began serving his six-year term on January 1, 1960. On April 26, 1960, Hooker was elected Democratic Committeeman for the Second Precinct of the Township of Lower Chichester.

On June 20, 1960, at a regular meeting of the township commissioners, the solicitor for the township advised the township treasurer not to pay the bill of Joseph L. Hooker for services as auditor, since the election of Hooker as a committeeman created a vacancy in the office of auditor.

Lower Chichester Township is a township of the first class. Section 520 of The First Class Township Code of June 24, 1931, P. L. 1206, provides:

"No auditor shall at the same time hold any other elective or appointive office."

On July 27, 1960, a petition was presented to this court for the appointment of an auditor to replace Hooker. This petition and a motion to strike the petition are now before us and have been argued as to the question of law before the court en banc.

We are fully aware of the various statutes and court decisions dealing with incompatible offices, but nowhere in the law is there a more sweeping statement than the statute here involved.

The Pennsylvania Election Code of June 3, 1937, P. L. 1333, art. 1, sec. 102, defines "public office" as "every public office to which persons can be elected

by a vote of the electors under the laws of this state." In Commonwealth ex rel. Kelley v. Keiser, 340 Pa. 59, 66 (1940), the court says:

"The sovereign power of the people to create, through their representatives, offices deemed necessary for the public welfare includes the power to prescribe proper qualifications for their tenure, . . ."

We find no case in point in Pennsylvania, but we feel that the intent of the legislature was to provide as auditors those who would be as unbiased and as open minded as possible. As a consequence we are forced to decide that a township auditor may not hold any other elective or appointive office within the governmental structure.

*Decree*

And now, October 21, 1960, it is ordered and decreed that

1. A vacancy exists in the office of auditor in the Township of Lower Chichester, said county and State.

2. Since Joseph L. Hooker was elected to office as a Democratic candidate, counsel shall suggest to the court for appointment a duly registered and qualified Democrat.

3. The parties shall pay their own costs.

4. An exception is allowed both parties.